IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JORDYN GRIFFIS )
)
v. ) Case No. 1:21-cv-0070
)
MARY E. BRUNK and )
BOTTOMLEY ENTERPRISES, INC. )

**TO:  Hon. William L. Campbell, Jr., United States District Judge**

### REPORT AND RECOMMENDATION

For the reasons set out below, the undersigned respectfully recommends that Defendant Mary Brunk be dismissed from this case without prejudice pursuant to Fed. R. Civ. P. 4(m) and 21.[1]

This diversity jurisdiction case was removed from Hickman County, Tennessee Circuit Court by Defendant Bottomley Enterprises, Inc. ("Bottomley Enterprises") by notice of removal on November 8, 2021. (Docket No. 1.) Nothing in the case indicates that individual Defendant Mary Brunk ("Brunk") was properly served with process.[2]

The initial case management order entered in this case on January 31, 2022 (Docket No. 15) directed Plaintiff to file a return of service confirming that Brunk was served with process by no later than March 18, 2023. (Id. at 1.) The misstated year in this deadline is plainly a scrivener's error, as is evident from the context of the other case management deadlines. For instance, the

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.
[2] In its answer, Bottomley Enterprises denies that Brunk is or was an employee of Bottomley Enterprises. (Docket No. 9 at 2.) It is not clear whether Brunk was given notice of the removal. However, no request to remand was timely made on this or any other basis.

dispositive motion deadline is February 17, 2023.³ Because the dispositive motion is the last case management event before the trial (and trial preparation schedule), a deadline to serve process after the dispositive motion deadline makes no sense and should have prompted at least an inquiry by counsel for the parties, especially for Plaintiff. The Court has understood the deadline for Plaintiff to demonstrate proper service on Brunk to have expired on March 18, 2022. *See e.g. Pizella v. E.L. Thompson Associates, LLC*, Case No. 3:18-cv-00023, 2019 WL 10960444, at *2 (M.D. Tenn. Aug. 2, 2019) (omission of pleadings amendment language from provision setting deadline for motions to amend or add parties did not alter effect of deadline). Plaintiff was cautioned that failure to file a return of service of process could result in dismissal of the claims against Brunk pursuant to Rule 4(m).

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) also provides that the court may "order that service be made within a specified time." *Id.*⁴

---

³ At every initial case management conference, including the one in this case, the Court instructs the participating attorneys to carefully review the entered initial case management order and bring any discrepancies to the Court's attention. While the Court is certainly not attributing fault for the incorrectly stated deadline to counsel, the Court does wonder whether counsel reviewed the initial case management order as instructed since the mistake was not brought to the Court's attention, even though, as noted, a 2023 deadline for service of process is unreasonable in the entire context of this case. Nevertheless, if Plaintiff can demonstrate good cause for not having served Brunk with process to-date, Plaintiff may file an appropriate motion in compliance with Local Rule 7.01, and the Court will consider whether to vacate this report and recommendation.

⁴ Rule 4(m) also directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, Plaintiff has neither requested an extension nor offered any cause, much less good cause, for failure to timely serve Brunk.

In a case removed from state court, the time for service under Rule 4(m) begins to run on the date of removal. *Cowan v. Am. Med. Sys., Inc.*, 411 F.Supp.2d 717, 721 (E.D. Mich. 2006) (internal citations omitted).[5] Because this case was removed on November 8, 2021, the time for Plaintiff to serve Brunk with process would have expired on February 6, 2022. However, during the initial case management conference held on January 18, 2022, the Court extended the time for Plaintiff to effect service and to file a return of service, as it was permitted to do under Rule 4(m).

Plaintiff has yet to demonstrate that Brunk has been properly served. In the initial case management order, Plaintiff was expressly put on notice that failure to serve Brunk could result in her dismissal from this action under Rule 4(m). (*Id.*) Because Plaintiff was notified of the prospect of dismissal for failure to effect service, such dismissal is now mandatory.

**RECOMMENDATION**

For the foregoing reasons, it is respectfully RECOMMENDED that Defendant Mary Brunk be dismissed from this case without prejudice pursuant to Fed. R. Civ. P. 4(m) and 21.[6]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Judge's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d

---

[5] By amendments in 2015, the presumptive time for service of process under Rule 4(m) was shortened from 120 days to 90 days, but the provisions of Rule 4(m) were otherwise unchanged.

[6] Because this dismissal is not of the entire action, Rule 21, rather than Rule 41, applies.

947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

                    Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge