IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION


JORDYN GRIFFIS                )
                                 )
v.                                    )            Case No. 1:21-cv-0070
                                   )            Campbell/Holmes
MARY E. BRUNK and         )
BOTTOMLEY ENTERPRISES, INC.   )


**O R D E R**

On May 6, 2022, the parties filed a joint case resolution status report (Docket No. 17), which does not comply with the requirements of the initial case management order.[1] The case resolution plan detailed in the initial case management order requires the parties to have made a substantive attempt at resolution of this case prior to the May 6 deadline for filing a joint case resolution status report. (Docket No. 15 at F.) Further, the case management order requires that the case resolution status report confirm this attempt at resolution. (*Id.*) Instead, the parties' joint report simply states that it is the parties' "intention is to engage in meaningful mediation pursuant to the Scheduling Order." (Docket No. 17.) However, the mediation requirement is for the parties' second mandatory attempt at case resolution.

For all these reasons, the case resolution plan is modified to require the following. By no later than **May 27, 2022**, Plaintiff must make a settlement demand to Defendants. Defendants must respond with a counter-offer by no later than **June 15, 2022**. Thereafter, the parties must engage in substantive settlement discussions, which must either be in-person or, if by telephone,

---

[1] By separately issued report and recommendation, the Court recommends dismissal of Defendant Mary Brunk without prejudice pursuant to Fed. R. Civ. P. 4(m).

the parties or their representative with full settlement authority must participate or be available to confer with counsel.  By no later than **July 1, 2022**, the parties must file a supplemental joint case resolution status report, which must affirmatively confirm these steps were taken and whether the parties were able to resolve this case.  To be clear, this supplemental filing is in addition to, not in lieu of, the mandatory mediation provided for in the case resolution plan.  All other case resolution plan details and requirements remain unchanged.

Additionally, by no later than **June 15, 2022**, counsel for the parties must confer about the following matters and file a joint case status report that updates the Court on: the status of discovery (including any known or anticipated discovery disputes); the status of the case generally and all upcoming case management deadlines; and, any other matters that might require the Court's attention or with which the parties would request the Court's assistance.  The joint status report must also either  (i) state that the case is on track according to the case management schedule and no further assistance from the Court is needed at the time or (ii) request a status/case management conference that details the matters needing the Court's attention or with which the parties request the Court's assistance.[2]  Further, any party may request or the Court may set a status or case management conference at any time.

All other case management deadlines and provisions found in prior orders and not modified herein remain unchanged and in full force and effect.

It is SO ORDERED.

_____

BARBARA D. HOLMES
United States Magistrate Judge

---

[2] If a status/case management conference is requested, the joint report should be filed as a motion rather than as a notice.

2

Case 1:21-cv-00070   Document 19   Filed 05/12/22   Page 2 of 2 PageID #: 70